MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Douglas Wayne Derello, Jr.,

Plaintiff,

v.

N. Harris, et al.,

Defendants.

No.   CV 21-01288-PHX-MTL (JFM)

**ORDER**

Plaintiff Douglas Wayne Derello, Jr., is confined in the Arizona State Prison Complex-Eyman.   He filed pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and subsequently filed an Application to Proceed In Forma Pauperis (Doc. 9) and a Motion to Insert Page (Doc. 11).   The Court will grant the Application to Proceed and the Motion to Insert Page and will dismiss the Complaint with leave to amend.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.   28 U.S.C. § 1915(a).   Plaintiff must pay the statutory filing fee of $350.00.   28 U.S.C. § 1915(b)(1).   The Court will assess an initial partial filing fee of $113.69.   The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).   The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II.    Motion to Insert Page

In his Motion to Insert Page, Plaintiff requests to insert a page regarding his prior lawsuits that was mistakenly omitted from his Complaint.  The Court, in its discretion, will grant the Motion and will consider as part of the Complaint the information contained in the page attached to the Motion to Insert Page.

## III.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

. . . .

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## IV.   Complaint

In his one-count Complaint, Plaintiff seeks monetary damages and declaratory and injunctive relief from Defendants Deputy Warden Lori Stickley, Sergeant N. Harris, and Corrections Officer III E. Carrillo.

Plaintiff alleges he has "active litigation" against Defendant Harris; Defendants Harris and Carrillo, "by their actions," deliberately destroyed his property "[a]s an act of blatant retaliation d[ue] to [P]laintiff's civil litigation against Defendant Harris"; and this violated his Eighth and Fourteenth Amendment rights and Arizona Revised Statutes section 31-228. He also contends Defendant Harris "claimed that policy is what he follow[ed]," and that when Plaintiff "tried to tell him that [the] law protect[s Plaintiff's] right for him to hold [Plaintiff's] property," Defendant Harris "claimed that [Plaintiff] was wrong." Plaintiff asserts that it appears a hearing was held, but he was never informed of it or allowed to attend it. He claims Defendants were aware that they could not destroy his property.

## V.   Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a

civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

### A.   Defendant Stickley

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Stickley personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations at all against Defendant Stickley. Thus, the Court will dismiss without prejudice Defendant Stickley.

### B.   Retaliation

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of

demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff alleges nothing to support his conclusory allegation that the destruction of his property was "an act of blatant retaliation" for his lawsuit against Defendant Harris. Absent more, Plaintiff's allegations are too vague and conclusory to support a retaliation claim. Thus, the Court will dismiss without prejudice Plaintiff's retaliation claim,

### C.    Eighth and Fourteenth Amendment Claim

Plaintiff has not alleged any facts to support an Eighth Amendment violation. Thus, the Court will dismiss without prejudice Plaintiff's Eighth Amendment claim.

Plaintiff's property claim arises, if at all, under the Due Process Clause of the Fourteenth Amendment. However, the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. *Id.* at 534-35. Moreover, Arizona provides a meaningful and adequate post-deprivation remedy through the prison grievance system, specifically Department Order 909(8.0). *Dennison v. Ryan*, 522 F. App'x 414, 417-18 (9th Cir. 2013); *Aldrete v. Ariz. Dep't of Corr.*, 2011 WL 30959, at *7 (D. Ariz. Jan. 3, 2011); *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims *and* prison grievance procedures provide adequate post-deprivation remedies). Thus, Plaintiff has failed to state a claim to regarding the negligent or unauthorized and intentional destruction of his property.

Moreover, to the extent Plaintiff is attempted to raise a claim regarding the *authorized* and intentional destruction of his property, *see Haygood v. Younger*, 769 F.2d

1350, 1357 (9th Cir. 1985), his allegations are completely vague, and the Court cannot ascertain what policy Defendant Harris purportedly followed.  Thus, the Court will dismiss without prejudice Plaintiff's Fourteenth Amendment claims.

### D.    Violation of State Law

Section 1983 does not provide a cause of action for violations of state law or state constitutional rights.  *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981).  Moreover, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claim because Plaintiff's federal claims have been dismissed.  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"  (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

## VI.   Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint

as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**VII.  Warnings**

**A.  Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

JDDL-K

- 7 -

1  **C.  Possible "Strike"**

2  Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

3  fails to file an amended complaint correcting the deficiencies identified in this Order, the

4  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

5  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

6  judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

7  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

8  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

9  or fails to state a claim upon which relief may be granted, unless the prisoner is under

10  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

11  **D.  Possible Dismissal**

12  If Plaintiff fails to timely comply with every provision of this Order, including these

13  warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

14  at 1260-61 (a district court may dismiss an action for failure to comply with any order of

15  the Court).

16  **IT IS ORDERED:**

17  (1)  Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9) is **granted**.

18  (2)  As required by the accompanying Order to the appropriate government

19  agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee

20  of $113.69.

21  (3)  Plaintiff's Motion to Insert Page (Doc. 11) is **granted**.

22  (4)  The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff

23  has **30 days** from the date this Order is filed to file a first amended complaint in compliance

24  with this Order.

25  (5)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

26  Court must, without further notice, enter a judgment of dismissal of this action with

27  prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g)

28  and deny any pending unrelated motions as moot.

1    (6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

2    civil rights complaint by a prisoner.

3    Dated this 17th day of November, 2021.

4

5

6                                          Michael T. Liburdi
                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL-K

- 9 -